UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DONELL JOHNSON          ]
    Plaintiff,        ]
                        ]
v.                      ]     No. 1:16-0033
                        ]     Chief Judge Sharp
HEATHER TARSKA, et al.  ]
    Defendants.       ]

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Heather Tarska, a guard at the prison; and Cherry Lindamood, Warden of the facility; seeking damages.

On April 16, 2016, Officer Tarska allegedly refused to serve the plaintiff a lunch or dinner tray in his cell.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Eighth Amendment imposes upon a state an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

1

In this case, the plaintiff complains that he did not receive a lunch or dinner tray on a particular date. He does not allege, however, that he was denied other meals or that he suffered any type of injury or adverse consequence as a result of missing those meals. Thus, the occasionally missed meal does not rise to the level of a constitutional violation. Marr v. Case, 2008 WL 191326 (W.D. Mich.; 1/18/08).

In the absence of a constitutional violation, the plaintiff is unable to prove every element needed for a claim under § 1983. He has failed, therefore, to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge